336 So.2d 1302 (1976)
James BLACK
v.
STATE of Mississippi.
No. 49263.
Supreme Court of Mississippi.
September 7, 1976.
Andrew M. Gambrell, Hattiesburg, for appellant.
*1303 A.F. Summer, Atty. Gen., by John C. Ellis, Special Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, ROBERTSON and LEE, JJ.
LEE, Justice, for the Court.
James Black was convicted of armed robbery in the Circuit Court of Forrest County and was sentenced to serve a term of twenty (20) years in the state penitentiary. From that conviction and judgment he appeals.
The only error assigned is that the trial court erred in overruling a motion for judgment notwithstanding the verdict. Appellant requested a peremptory instruction of not guilty and we treat this assignment as a refusal to grant the requested instruction.
On February 6, 1975, at about 9:30 A.M., Darlene Anderson (armed with a shotgun), Gloria Moody and Princess Smith robbed James Fluker, manager of Pineview Apartments in Hattiesburg, of five hundred fifty-six dollars ($556.00). After the robbery, Fluker saw them drive off in a gray and black Buick automobile with tag number 555 CAW; there were more than three persons in the vehicle. Shortly thereafter, appellant and Darlene Anderson were arrested at the Highway Host Motel, and Princess Smith and Gloria Moody were arrested downtown later during the day. Princess Smith testified for the State at the trial of appellant, who introduced no evidence in his own behalf.
Appellant contends that his conviction results from the uncorroborated testimony of the accomplice, Princess Smith; that her testimony should be viewed with great caution and suspicion; that it is not reasonable; and that it is contradicted in several respects.
The trial judge instructed the jury that the law looks upon the testimony of an accomplice with suspicion and distrust, and that the jury should weigh the testimony of Princess Smith with great care and caution and look upon it with distrust and suspicion as if coming from a corrupt and polluted source. He also instructed the jury that, if it could reconcile the evidence upon any reasonable hypothesis consistent with the defendant's innocence, the verdict should be not guilty.
The law is settled in this state that the uncorroborated testimony of an accomplice will support a guilty verdict, but the rule requires that such uncorroborated testimony should be viewed with great caution and suspicion, and that it must be reasonable and not improbable or self-contradictory, or substantially impeached. Hutchins v. State, 220 So.2d 276 (Miss. 1969); Cole v. State, 217 Miss. 779, 65 So.2d 262 (1953).
The testimony of Princess Smith was not unreasonable, improbable, or contradictory, and it was corroborated in the following respects:
(1) She testified that the car they were in was Black's  the evidence indicated it was his brother's car and that he had borrowed it.
(2) She testified that appellant told her to go in the apartment and find out whether there was any money  she went in, asked Fluker to change a dollar, saw the money in the cash register and reported it to appellant.
(3) She testified that Black drove the automobile away from the apartment and to the Highway Host Motel  Fluker said there were four or more people in the car as it drove off. Shortly after the robbery, Black and Darlene Anderson were arrested at the motel.
(4) She testified that they stopped before getting to the Highway Host Motel and that Black took the tag off the car  officers spotted the car from the description received, and there was no tag on it.
(5) She testified that all four of them checked into the motel and then she and Gloria Moody left  shortly after the robbery the officers arrested appellant and Anderson at the motel; Princess Smith and Gloria Moody were not there.
(6) Appellant and the three females traveled from Gulfport to Hattiesburg and were *1304 in the company of each other on February 5 and 6 (the date of the robbery).
(7) Officer Bobby Earl Richardson asked appellant at the Highway Host Motel who was driving the gray automobile in the back at the motel and appellant told him that he was.
(8) At the time of his arrest, appellant had the keys to the automobile in his pocket.
The evidence supports the verdict, and the judgment of the trial court is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.