340 So.2d 1 (1976)
Willie THOMAS
v.
STATE of Mississippi.
No. 49333.
Supreme Court of Mississippi.
November 2, 1976.
Richard E. Stratton, III, Brookhaven, for appellant.
A.F. Summer, Atty. Gen. by John C. Underwood, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, C.J., and ROBERTSON and LEE, JJ.
LEE, Justice, for the Court:
Willie Thomas was convicted of burglary by the Circuit Court of Lincoln County, was sentenced to serve seven (7) years in the state penitentiary, and he appeals to this Court.
Appellant assigns the following errors committed by the trial court:
(1) The verdict of the jury is contrary to the great weight of the evidence and requires an acquittal, or in the alternative, a new trial; and
(2) The trial court committed prejudicial error in admitting evidence of a separate and distinct crime.
On the night of January 25, 1975, Ricky Durr, Danny Oliver, and appellant got together at a beer joint in Pike County, and, after having drunk a number of beers each, they departed in Danny Oliver's car. Several miles outside of Bogue Chitto, they stopped near the Price home, which was occupied by the owners only on weekends. According to Oliver, the car stopped about one and a half (1 1/2) courtroom lengths from the house. He testified that the purpose for stopping was to answer a call of nature.
Rickey Durr, who was seventeen (17) years of age and the only juvenile of the three, testified he and appellant went up to the house, appellant kicked the door open, he (Durr) turned on the lights on, and they took a saw, blanket, fan and other items from the house. Further, according to Durr, they took the articles back to the automobile, drove away, and appellant took *2 the fan home with him; they left the saw in Oliver's car.
The next day, Deputy Sheriff Jordan went to the scene, after receiving a report that the house had burned. Price was notified of the loss, and, upon going to the scene, he found a cutting board in the yard outside the house. He knew the board had been locked inside the house when he was last there on the previous weekend, and he then made a list of articles known to have been in the house. After sifting the ashes, it was discovered that a fan and a saw had not burned and were missing. When Price left the house on the weekend, he tripped the multi-breaker, thereby cutting off the lights.
Acting upon information from a confidential informant that appellant had been in the Price house and that the Price fan was at appellant's home, Deputy Jordan obtained a warrant for, and arrested, appellant. Thomas freely admitted that he had the Price fan, but explained his possession of it by saying Durr gave it to him.
Under the first assignment of error, appellant contends that the testimony of Durr constitutes no credible evidence because it was impeached and contradicted in the following particulars:
(1) Durr had been convicted of robbery and burglary on two previous occasions.
(2) Durr's testimony that he turned on the lights in the house was contradicted by Price who testified he tripped the multi-breaker, and turned off the lights.
(3) Durr testified he carried a fan out of the house, and Willie Thomas carried a saw and blanket, yet, on July 21, 1975, Durr gave a written statement to Deputy Jordan wherein he said that, "I carried the blanket and the fan to the door."
(4) Durr testified that Willie Thomas did not get back in the Oliver car until Durr and Thomas returned from the Price house, when Oliver testified that Durr got into the car last "a pretty good while" after Thomas got in the car.
(5) Durr testified that appellant was in the back of the house when he [Durr] turned off the front light, yet Oliver testified appellant got in and out of the car on two occasions.
As against this argument of the appellant, the following evidence corroborates the testimony of Ricky Durr:
(1) Durr testified that he and appellant went in the house. Oliver testified that Durr and appellant were out of the car "about fifteen or twenty minutes."
(2) Durr testified that they brought the saw, blanket, and fan to the car. Oliver testified that those articles were put in his car.
(3) Durr testified that appellant took the fan home with him. Appellant admitted that he took the fan home and had it in his house.
(4) Durr testified that he turned on the lights in the Price house. Oliver testified that he saw a light in the house.
Oliver further testified:
"Q. Now when they came back to the car, what, if anything, did you notice?
A. Well, there was some stuff put in the car.
Q. What sort of stuff?
A. Well, that saw for one; and I guess that fan was; I couldn't tell what it was because I didn't turn around and look to see what was put in there."
The law is settled in this state that the uncorroborated testimony of an accomplice will support a guilty verdict, but the rule requires that such uncorroborated testimony should be viewed with great caution and suspicion and that it must be reasonable and not improbable or self-contradictory or substantially impeached. Black v. State, Miss., 336 So.2d 1302, handed down September 7, 1976; Hutchins v. State, 220 So.2d 276 (Miss. 1969); Cole v. State, 217 Miss. 779, 65 So.2d 262 (1953).
The trial court instructed the jury that the law looks with suspicion and distrust upon the testimony of an accomplice and requires the jury to weigh such testimony *3 with great care and caution and to look upon it with distrust and suspicion. The jury was further instructed that they may disbelieve the testimony of the accomplice Durr altogether, they being the sole judges of the credibility of the evidence. It was also instructed that every reasonable doubt should be resolved in favor of the defendant and against the State.
Next under Assignment of Error No. 1, appellant contends that there was no probable cause for the issuance of an arrest warrant for appellant and that evidence of the fan was incompetent and should not have been admitted. The confidential informant, who had given truthful and reliable information about burglaries on three previous occasions, told Deputy Jordan that appellant went into the Price house and that appellant had the fan at his home. This information was corroborated by the fact that the fan was missing from the house. Deputy Jordan considered the information to be truthful and reliable, and, thereupon, obtained the arrest warrant.
In Wolf v. State, 260 So.2d 425 (Miss. 1972), this Court quoted from United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), which stated: "`A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.' ([United States v. Harris, 403 U.S. 573] 91 S.Ct. [2075] at 2079, 29 L.Ed.2d [723] at 730)." 260 So.2d at 428.
In Strode v. State, 231 So.2d 779 (Miss. 1970), in considering what constitutes probable cause, the Court said: "Probable cause is a practical, non-technical concept, based upon the conventional considerations of everyday life on which reasonable and prudent men, not legal technicians, act." 231 So.2d at 782.
We conclude that there was probable cause for the arrest of appellant.
Durr testified he and appellant broke into the house, took the fan away, and appellant carried it to his own home. Appellant freely admitted that he had the fan. In response to questions asked by his own attorney on the trial, he testified:
"Q. I'll ask you to look at Exhibit `1', and that's a fan: Is that the fan to which you have reference?
A. Yes sir.
Q. How long did you have that fan?
A. Uh, well, since, since I, the 26th, I guess, until I got picked up.
* * * * * *
Q. Is that fan in the same condition it was when it was given to you by Ricky Durr?
A. Well I hadn't never paid that much attention to it.
Q. Did you ever use it?
A. Uh, no sir."
Even assuming there had been no probable cause for the issuance of the arrest warrant, when the testimony of Durr, Price, and Oliver relating to the fan is considered, there could be no reasonable possibility that appellant might be prejudiced by its introduction into evidence.
We are of the opinion that there was an issue of fact for the jury to determine the guilt or innocence of the appellant, and that Assignment No. 1 is without merit.

II.
Did the trial court err in admitting evidence that the Price house had burned, inferring that the crime of arson was committed?
There is no evidence or testimony in the record that appellant was responsible for the burning of the Price house, nor was there any attempt to incriminate the appellant on an arson charge. The investigation of the burglary necessarily involved the investigation of the house burning. The two matters were closely interrelated. The destruction of the house was a proper explanation for the jury as to why the investigating officer did not testify how and where the "breaking" of the house occurred and why he did not describe the place of entry.
*4 In Brooks v. State, 242 So.2d 865 (Miss. 1971), this Court stated:
"The general rule is that in a criminal prosecution evidence which shows or tends to show that accused is guilty of the commission of other offenses at other times is not admissible, unless the other offenses are reasonably connected with that for which he is on trial. There is a substantial number of these exceptions. Evidence of other crimes is admissible to prove identity of the defendant, scienter or guilty or criminal knowledge, criminal intent or purpose, motive, a plan or system of criminal action where a continuing offense is charged, or where other crimes form a part of the res gestae. Lee v. State, 244 Miss. 813, 146 So.2d 736 (1962); 29 Am.Jur.2d Evidence §§ 320, 321 (1967)." 242 So.2d at 869.
Furthermore, at the outset of the trial, Mr. Price testified about the house having burned over the weekend of the burglary. This testimony was admitted without objection, and, at the time Deputy Jordan testified, evidence of the house burning had already been admitted. We conclude that there is no prejudicial error to the appellant resulting from the admission of Deputy Jordan's testimony that the house had burned.
There being no prejudicial error in the record, the case must be and is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.