366 So.2d 1085 (1979)
Debbie L. SIMPSON and Charles Alexander
v.
STATE of Mississippi.
No. 50853.
Supreme Court of Mississippi.
January 17, 1979.
Rehearing Denied February 7, 1979.
James H. Heidelberg, Fielding L. Wright, Pascagoula, for appellants.
A.F. Summer, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and SUGG and BOWLING, JJ.
SUGG, Justice, for the Court:
This is an appeal from the Circuit Court of Jackson County wherein defendants were convicted of distribution of a controlled substance and sentenced to twenty (20) years in the Mississippi Department of Corrections, and to pay a fine of $10,000 each. Defendants waived their right to trial by jury and appeared before the Hon. Darwin M. Maples, serving as the trier of fact.
Agent Don Richards of the Mississippi Bureau of Narcotics infiltrated a ring of cocaine dealers in the Jackson County area. On January 27, 1977, Frank Rogers notified Agent Richards that he had received a shipment of cocaine that the agent had agreed to buy. A meeting was set for 5:00 o'clock p.m. the next day, January 28, in Rogers' apartment in Gautier, Mississippi. On the 28th, Agent Richards met Frank Rogers and William (Bill) Rogers at Frank's apartment in Gautier. At the apartment, Bill Rogers exhibited a blue makeup pouch which contained approximately two ounces of cocaine. Agent Richards took the two men back to Moss Point, Mississippi where Agent Fred McDonald was waiting in a motel. The agents checked the two ounces of cocaine and inquired about the remainder *1086 of the eight ounces they had agreed to purchase. Bill Rogers advised them that his supplier desired to see if they had the money, whereupon the agents gave Bill Rogers $3,500 for the two ounces, and agreed for him to obtain the remaining six ounces from his supplier.
Frank Rogers and Agent McDonald remained in the motel while Agent Richards drove Bill Rogers to Gautier to pick up his motorcycle. On the way they stopped for Bill to call his supplier. Agent Richards then left Bill in Gautier and returned to the motel. Prior to Agent Richards' return, Agent McDonald learned from Frank that their supplier for the cocaine was from the Mobile area. However, no names were revealed.
Bill Rogers returned at approximately 6:55 o'clock p.m. with the remaining six ounces of cocaine. The transaction was completed and the brothers placed under arrest. During interrogation, Frank Rogers advised Agent Richards that the cocaine was being sold for another party and that they were waiting for the money at Bill's house in Moss Point. Frank did not know the address, but drove with the agents to Bill's house and pointed it out. At the residence, the agents observed a burgundy Grand Prix with an Alabama license plate.
At approximately 10:00 o'clock p.m. that evening the agents entered Bill Rogers' residence and recovered the $3,500 in the official state funds that were used earlier that evening to purchase the two ounces of cocaine. Subsequent to recovery of the money the defendants, Debbie Simpson and Charles Alexander, were arrested and charged with distribution of a controlled substance.
The defendants' first three assignments of error attack the validity of the search of Bill Rogers' residence and the evidence obtained therein. The defendants contend that the narcotic agents initiated an illegal search of Bill Rogers' residence and obtained evidence, namely, money which was tainted by the illegal search. The money was not introduced into evidence, but defense counsel, on cross-examination of state's witnesses Frank Rogers and Don Richards, elicited testimony about the search of the residence and the seizure of the money which was used to purchase the cocaine. The general rule is that a defendant cannot complain of the evidence which he himself brings out. Stone v. State, 210 Miss. 218, 49 So.2d 263 (1950). It was held in Fondren v. State, 253 Miss. 241, 175 So.2d 628 (1965) that the rule applies to evidence, introduced by a defendant, that would be inadmissible if offered by the state because of an illegal search. The state did not rely on the fruits of the search to prove its case, but presented evidence of the guilt of defendants independent of the search.
Defendants' fourth assignment of error is that the judgment of guilt was against the overwhelming weight of the evidence. In support of this assignment, the defendants argue that the testimony of the accomplices was substantially impeached; therefore, it was not sufficient to support the judgment of guilt. The prosecution's case was based primarily on testimony of the accomplices of the defendants, Frank and Bill Rogers. Both Frank and Bill Rogers stated that they were to sell the cocaine for the defendants and receive $200 per ounce. We held in Black v. State, 336 So.2d 1302 (Miss. 1976), that the uncorroborated testimony of an accomplice will support a verdict of guilty. However, an accomplice's testimony will be viewed with great caution and suspicion and must be reasonable and not improbable or self contradictory, or substantially impeached. The accomplice's testimony in this case is sufficient to withstand this test. We have held:
In reviewing the sufficiency of the evidence to support the verdict, this Court must accept as having been established all that was proved by the evidence, as well as all that such evidence reasonably tended to prove, together with all reasonable inferences to be drawn therefrom, favorable to the theory of the prosecution. [Carroll v. State, 196 So.2d 878, 883 (Miss. 1967)].
*1087 The evidence was sufficient to sustain the judgment of the circuit judge.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.