L.S. Catchings was convicted of grand larceny in the Circuit Court of Lincoln County and sentenced to serve a term of three years imprisonment.
He was charged with the larceny from 84 Mart Convenience Store in Brookhaven of a "money bag" containing money, food stamps and other documents of value, amounting in all to more than $1,400.00.
A review of the record shows that Catchings' conviction rests almost entirely upon the testimony of one Hayes. It appears that Hayes and Catchings were in the 84 Mart store at the same time, shortly before the above mentioned bag and its contents were discovered to have disappeared.
At the trial, Hayes testified, among other things, that, as he had stood near the door, Catchings started backing out with the bag *Page 870 
and asked him to "back out" too, for the purpose of giving Catchings some cover. Hayes testified that he complied with Catchings' request and that Catchings said, as he left the store with the bag, to meet him behind the Star Drive-In and that they would divide the money.
Hayes said that he went to the place designated for the rendezvous with Catchings but that he could not locate Catchings and never did make contact with him or receive any of the money.
On appeal Catchings assigns for reversal several alleged errors, only one of which has merit.
Obviously, the case against Catchings rests almost entirely upon the testimony of Hayes, his confessed, even if impromptu, accomplice. Catchings requested instructions D-12 and D-13, which instructed the jury to the effect that Hayes testified as an accomplice, and that this testimony should be received and considered with care and caution. The court refused to grant either of these instructions upon the ground that they "singled out the testimony of a single witness."
The uncorroborated testimony of an accomplice may be sufficient to sustain a guilty verdict. Moore v. State, 291 So.2d 187
(Miss. 1974). However, such testimony should be viewed with great caution and suspicion and must be reasonable, not improbable, self-contradictory or substantially impeached. Moody v. State,371 So.2d 408 (Miss. 1979), Jones v. State, 368 So.2d 1265
(Miss. 1979), Thomas v. State, 340 So.2d 1 (1976). In Ferandav. State, 267 So.2d 305 (Miss. 1972) the conviction of burglary and larceny as an accessory before the fact was reversed, the court finding that the accomplice's testimony, upon which it was based, was inconsistent, overly vague and almost completely uncorroborated.
While a conviction may rest upon the testimony of an accomplice alone, in this case Hayes' testimony was neither so reasonable, consistent or uncontradicted, or Catchings' guilt so evident or clearly proven, as to deprive Catchings of his right to a cautionary instruction relating to the manner in which the testimony of the accomplice should be received and viewed. The refusal to grant the above must be regarded as having been prejudicial error requiring a reversal and new trial.
The conviction is reversed and the case is remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.