411 So.2d 763 (1982)
Darius BELL
v.
STATE of Mississippi.
No. 53055.
Supreme Court of Mississippi.
March 24, 1982.
*764 Malouf & Malouf, Michael K. Henry, Jackson, for appellant.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SUGG, ROY NOBLE LEE and HAWKINS, JJ.
ROY NOBLE LEE, Justice, for the Court:
Darius Bell was indicted, tried and convicted in the Circuit Court of the First Judicial District of Hinds County, Mississippi, Honorable William F. Coleman, presiding, on a charge of armed robbery and was sentenced to serve a term of twenty-five (25) years with the Mississippi Department of Corrections. Bell has appealed and assigns three errors in the trial below.

I.
Was the verdict of the jury contrary to the weight of the evidence?
The State's evidence reflects that on April 1, 1980, at approximately 9:15 a.m., a convenience store on Hanging Moss Road was robbed. Gary Perryman entered the store, pointed a loaded.38-caliber snubnosed revolver at Corrine Houston, the clerk, and demanded money from the cash register. Mrs. Houston slowly began to remove the money and Perryman cocked the pistol and told her to "speed up." She gave him approximately one hundred fifteen dollars ($115.00) in cash and ten dollars ($10.00) in food stamps. Perryman took the money, and ran out of the store, where Harold Sanders, who had been standing there watching the door, joined him. The men ran down the street approximately one-half block to a waiting red Toronado automobile owned by Darius Bell. According to Perryman and Sanders, Bell was in the driver's seat, they entered the car and Bell drove away. All three went to Bell's home and divided the money. Perryman kept the largest amount, since he actually went into the store and got the money. Sanders drove off in his own automobile and Bell and Perryman followed him to Perryman's home in Crystal Springs, where Bell's car was left. Two days later, Perryman was arrested while driving Bell's automobile in Jackson and Sanders was subsequently arrested.
Mrs. Jane Sanders, mother of Harold Sanders, testified that appellant Bell came to her home on April 14, 1980, and told her that Harold Sanders had been arrested. He also said, "Well, they won't never get their hands on me because I'll be long gone from here." Appellant was arrested several months later.
Appellant's defense was an alibi. He did not testify, but Mrs. Annie Bell and one Reverend Robert Bracy, minister of Bell Chapel Church, testified that between the hours of 7:30 and 11:00 a.m. on April 1, 1980, they both were in the Bell home and that appellant, son of Mrs. Annie Bell, was in the house during that period of time.
Appellant contends that the testimony of Perryman and Sanders, the two accomplices, was impeached by the alibi testimony of Mrs. Annie Bell and Rev. Robert Bracy, and that the evidence was insufficient to support a guilty verdict. In Wall v. State, 379 So.2d 529 (Miss. 1980), the Court said:
Although persons may be convicted of crimes on the uncorroborated testimony of accomplices, such testimony is to be viewed with great caution and suspicion. In Thomas v. State, 340 So.2d 1 (Miss. 1976), in discussing the principle, this Court said:
"The law is settled in this state that the uncorroborated testimony of an accomplice will support a guilty verdict, but the rule requires that such uncorroborated testimony should be viewed with great caution and suspicion and that it must be reasonable and not improbable or self-contradictory or substantially *765 impeached. Black v. State, Miss., 336 So.2d 1302, handed down September 7, 1976; Hutchins v. State, 220 So.2d 276 (Miss. 1969); Cole v. State, 217 Miss. 779, 65 So.2d 262 (1953)." 340 So.2d at 2. (379 So.2d at 531).
We held in Pegram v. State, 228 Miss. 860, 89 So.2d 846 (1956), where the testimony of an accomplice was thoroughly impeached by the appellant's alibi, that the conviction should not be allowed to stand.
In the case sub judice, testimony of the accomplices is corroborated in the following respects:
(1) The automobile used in the robbery was owned by appellant.
(2) The robbery weapon was the property of appellant.
(3) Mrs. Jane Sanders gave testimony that appellant told her, "Well, they won't never get their hands on me because I'll be long gone from here."
(4) Appellant was arrested several months after having made the above statement, which indicates that he was "long gone."
(5) The testimony of Perryman and Sanders was reasonable, not improbable or self-contradictory and not impeached except by the alibi testimony of Mrs. Bell and Rev. Bracy.
We are of the opinion that the verdict of the jury is not contrary to the overwhelming weight of the evidence and that the jury verdict is supported by the evidence. Warn v. State, 349 So.2d 1055 (Miss. 1977).

II.
Did the lower court err in failing to assure that the appellant received a fair trial?
Appellant argues that the lower court should have granted him an instruction to the effect that the testimony of accomplices should be viewed with great care and caution and that an alibi instruction should have been granted. Appellant did not request the lower court to grant him either of the mentioned instructions. The trial judge specifically asked counsel for appellant whether he had an alibi instruction and counsel replied that he did not. Appellant contends that because the court did not grant the instruction of its own volition, he was not assured a fair trial.
In Newell v. State, 308 So.2d 71 (Miss. 1975), this Court held that the trial judge may give appropriate instructions in addition to those submitted by litigants in the case, if, in the exercise of his discretion, he considers the ends of justice require it. Further, Newell held that the lower court may not be put in error for failure to instruct the jury on any point of law unless specifically requested in writing to do so. (308 So.2d at 78). The rule stated in Newell has been approved many times and, in our opinion, is good law today.
We are of the opinion that there is no merit in this assignment of error.

III.
Did the lower court err in refusing to grant Instruction D-14?
Instruction D-14 follows:
The Court instructs the Jury that it is your duty not to consider the quantity of witnesses testifying in this case, but rather the quality of their testimony.
The court committed no error in refusing the above instruction, since it was comment upon the weight of the evidence. Dolan v. State, 195 Miss. 154, 13 So.2d 925 (1943); Mississippi Code Annotated Section 99-17-35 (1972).
There being no reversible error in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and WALKER, BROOM, BOWLING, HAWKINS and DAN LEE, JJ., concur.