In recent weeks we have decided two cases concerning requests for jury instructions in criminal prosecutions to the effect that the testimony of an accomplice should *Page 481 
be viewed with great care and caution.[1] In the case at bar we hold that the trial judge abused his discretion in his refusal to grant such an instruction. In Davis v. State, 472 So.2d 428, 435 (Miss. 1985), on different facts we reached the opposite result.[2] The distinction between this case and Davis should be stated with clarity.
In Hussey, the case for the State rests almost in its entirety upon the testimony of the accomplice, Larry Hester. Under such circumstances I do not understand that the trial judge has authority to refuse the accused's request for a cautionary instruction. Catchings v. State, 394 So.2d 869, 870 (Miss. 1981) to my view so holds. See also, Green v. State,456 So.2d 757, 758 (Miss. 1984); United States v. Darland, 626 F.2d 1235, 1238 (5th Cir. 1980); United States v. Garcia, 528 F.2d 580, 588 (5th Cir. 1976); United States v. Beasley, 519 F.2d 233, 243 (5th Cir. 1975); Williamson v. United States, 332 F.2d 123
(5th Cir. 1964). Today's decision, therefore, correctly reverses.
The Davis prosecution, on the other hand, did not rest upon the uncorroborated testimony of an accomplice. To be sure, the accomplice in Davis, Ray Alexander, testified that he was in the car with Stanley L. Davis when Davis fired the fatal shots into Seay's Lounge. The record also reflects that Sue Watson, wife of the victim, was looking out the window of the lounge and observed Davis in his red Ford pickup truck driving in front of the lounge and firing a pistol. The point is that Sue Watson's testimony provided evidence sufficient to convict, leaving aside the testimony of the accomplice Alexander.
With regard to the Davis case, I agree with the point in Justice Hawkins' dissent that on the facts there present Alexander was enough of a participant in the evening's events to be considered an accomplice for purposes of the requested instruction. Because there was over and above Alexander's testimony evidence sufficient to undergird a conviction, the granting or denial of a cautionary instruction regarding the accomplice's testimony was under established case law within the discretion of the trial judge. Green v. State, 456 So.2d 757, 758 (Miss. 1984); Jones v. State, 381 So.2d 983, 991 (Miss. 1980); Ragan v. State, 318 So.2d 879, 882 (Miss. 1975);Wellborn v. State, 140 Miss. 640, 643, 105 So. 769, 770 (1925);see also United States v. Kelly, 569 F.2d 928, 936 (5th Cir. 1978); United States v. Windom, 510 F.2d 989, 994 (5th Cir. 1975).
I am sympathetic to the position taken by Justice Hawkins in the Davis case. Where, as here, we have a rule of law to the effect that the testimony of an accomplice is to be considered and weighed with great care and caution, Mason v. State,429 So.2d 569, 571 (Miss. 1983); Thomas v. State, 340 So.2d 1, 2 (Miss. 1976), and where, as here, the prosecution regards as important the testimony of an accomplice, it follows to my mind that our law cannot rationally commit the granting or denial of the cautionary instruction to the discretion of the trial judge. Otherwise, we infect the trial of cases involving accomplice testimony with an element of the arbitrary I find *Page 482 
antithetical to basic notions of evenhanded justice.
Venerable case law, however, commits this matter to the sound discretion of the trial judge. Where there is in the record substantial testimony suggesting guilt over and above that provided by the accomplice, we have never regarded as reversible error the trial judge's refusal of the cautionary instruction.See Green v. State, 456 So.2d 757, 758 (Miss. 1984) back through Wellborn v. State, 140 Miss. 640, 642-43, 105 So. 769, 770 (1925), and Cheatham v. State, 67 Miss. 335, 343-346, 7 So. 204, 206-07 (1890). Reversal in Davis would require a change in our existing law. I did not regard that (or this) as the day to advocate such a change.
PRATHER, J., joins in this opinion.
[1] The question in these two cases arises frequently, for the State frequently calls as a witness one who was an accomplice of the one on trial. The circuit judges of this state have developed a pattern jury instruction regarding the matter.
 104.25 Testimony of an Accomplice
 PATTERN INSTRUCTION
 [Name] is an accomplice in this case and the testimony of an accomplice is to be considered and weighed with great care and caution. You may give it such weight and credit as you deem it is entitled.
 Mississippi Model Jury Instruction: Civil and Criminal 377 (1977)
The disputed jury instruction in Davis tracks the pattern instruction almost verbatim. The instruction in the case at bar parrots the language of many of our cases. See, e.g., Fairchildv. State, 459 So.2d 793, 798 (Miss. 1984); Mason v. State,429 So.2d 569, 571 (Miss. 1983).
Though it differs from the pattern instruction, the instruction at issue here correctly states the law and is in acceptable form.
[2] The same circuit judge, the same district attorney and the same defense attorneys were involved in both cases.