# IN THE COURT OF APPEALS 10/29/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-KA-00668 COA

**JEFFREY RAY HUNTER**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. GEORGE C. CARLSON JR.

COURT FROM WHICH APPEALED: TATE COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLA NT:

GERALD W. CHATHAM SR.

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL BY: WAYNE SNUGGS, DEWITT T. ALLRED III

DISTRICT ATTORNEY: ROBERT L. WILLIAMS

NATURE OF THE CASE: CRIMINAL - RAPE, SEXUAL BATTERY, KIDNAPING

TRIAL COURT DISPOSITION: COUNT I - KIDNAPING; COUNT II - SEXUAL BATTERY; COUNT III - RAPE; COUNT I SENTENCED TO 30 YRS IN MDOC; COUNT II SENTENCED TO 30 YRS MDOC; SENTENCE TO RUN CONCURRENTLY WITH COUNT I; COUNT III SENTENCED TO 30 YRS IN MDOC; SENTENCE TO RUN CONCURRENTLY WITH COUNT II; PAY ALL COSTS OF COURT

BEFORE BRIDGES, P.J., COLEMAN, AND DIAZ, JJ.

BRIDGES, P.J., FOR THE COURT:

The Appellant, Jeffrey Ray Hunter, was tried on a three-count indictment in the Circuit Court of Tate County charging him with the kidnaping, sexual battery, and rape of C.S. The jury found him guilty on all three counts. The court sentenced Hunter to a term of thirty years on each count, to run concurrently. Hunter appeals stating (1) that the court erred in failing to grant a directed verdict or peremptory instruction, (2) that the court erred in allowing the State to put on rebuttal witnesses to the Defendant's alibi witnesses contrary to Rule 4.07, and (3) that the court erred in allowing the State to put on evidence that the Appellant testified before the Tate County grand jury on an unrelated case. We affirm the lower court.

## FACTS

C.S. worked until 11:00 P.M. at Baptist Desoto Hospital on the night of June 24, 1992. After leaving work, she drove home and arrived at her gate at 12:30 A.M. The gate was usually unlocked, but on this night it was locked. C.S. got out of her Jeep to unlock the gate, and as she did so, she heard footsteps running toward her. She turned to see the silhouette of a man holding a handgun. As the man shined a flashlight in her face, he ordered her to get into the Jeep. C.S. asked the man if her husband and children were all right; he responded that they were asleep in the house. The man backed out of the driveway and drove toward Highway Four.

The man stopped in a field, ordered her to undress, forced her to perform oral sex, and raped her. Afterwards, he got out of the Jeep, gave her directions home, tore out her car phone, warned her to wait five minutes, and then left. C.S. drove home and told her husband. They then went to the hospital where vaginal swabs were taken.

At trial, the State put on circumstantial evidence proving Hunter was the assailant. The defense rebutted this with four alibi witnesses who stated Hunter was with them from 4:00 P.M. or 5:00 P.M. until approximately 1:00 A.M. The jury convicted Hunter on a three-count indictment charging him with kidnaping, sexual battery, and rape.

> I. DID THE CIRCUIT COURT ERR IN FAILING TO GRANT A DIRECTED VERDICT; WAS THE EVIDENCE LEGALLY SUFFICIENT?

In *Noe v. State*, 616 So. 2d 298, 302-03 (Miss. 1993), the Mississippi Supreme Court held:

> In judging the sufficiency of the evidence . . . the trial judge is required to accept as true all of the evidence that is favorable to the State, including all reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the defendant.

*Id.* at 302 (citations omitted).

Furthermore, all credible evidence consistent with the guilty verdict is accepted as true, with issues of weight and credibility resolved by the jury. The Court will reverse only where reasonable and fair-minded jurors could only find the accused not guilty. *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993).

In the present case, Hunter argues that the evidence against him consisted largely of circumstantial evidence which was insufficient to base a conviction. The State argues that proof of guilt does not stand or fall on the sufficiency of each individual component of proof considered in isolation, but upon all proof together, in light of reasonable, common-sense inferences.

At trial, there was a large amount of proof that Hunter was the assailant. The evidence included that the crime was committed by someone familiar with the area, and Hunter lived nearby. The assailant left on foot; therefore, the assailant must have been someone familiar with the area. Furthermore, the physical description given by C.S. was consistent with the physical appearance and size of Hunter. Also, the overalls worn by the assailant were of the same type Hunter wore at his job. C.S. testified that the overalls worn by her assailant smelled of petroleum; Hunter worked as an assistant at Teledyne, where his job was to spray a petroleum-based product.

Additionally, the perpetrator's shoes matched the size, style, and wear characteristics of Hunter's, and the footprints at the scene of the crime matched those found around Hunter's mailbox.

Lastly, the perpetrator's DNA characteristics matched those of Hunter witin a ratio of 1 to 1400.

In light of the above stated evidence, it is reasonable to assume that fair-minded jurors, when seeing the evidence most favorable to the State, would find Hunter guilty. For the reason explained above, we affirm the lower court's ruling.

> II. DID THE CIRCUIT COURT ERR IN ALLOWING THE STATE TO PUT ON REBUTTAL PROOF TO THE DEFENDANT'S ALIBI WITNESSES CONTRARY TO THE PROVISIONS OF RULE 4.07 OF THE UNIFORM CRIMINAL COURT RULES OF CIRCUIT COURT PRACTICE?

In his brief, Hunter argues that the court erred in allowing the State to put on rebuttal witnesses. Rule 4.07of the Uniform Criminal Rules of Circuit Court Practice stated that after the defense has responded to a demand for notice of alibi, the State must give notice to the defense of the witnesses "upon whom the state intends to rely to establish the defendant's presence at the scene of the alleged offense and other witnesses to be relied upon to rebut testimony of any of the defendant's alibi witnesses." Unif. Crim. R. Civ. Ct. Prac. 4.07. In the present case, the State did not respond with such written notice.

Although the State did not respond with the notice, Rule 4.07 explains that "[f]or good cause shown, the court may grant an exception to any of the requirements of this rule." *Id.* The trial judge conducted a hearing in the matter, made on-the-record findings, and exercised his discretion as to

whether the State should be allowed rebuttal witnesses.

The trial judge reasoned that the State could not have anticipated that Hunter's alibi witnesses were going to testify not only to where Hunter was at the time of the crime, but where he was from 4:00 P.M. in the afternoon until after midnight. This expanded the testimony which Hunter's alibi witnesses were expected to give and went further than required to establish his whereabouts six to seven hours before the crime. The judge reasoned that since the State's witnesses would testify as to Hunter's whereabouts early that evening, this did not violate the reciprocal notice requirement of Rule 4.07.

> As the Mississippi Supreme Court has previously stated, such matters are largely within the discretion of the trial court, and this Court will reverse only where that discretion has been abused. *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993); *Wetz v. State*, 503 So. 2d 803, 812 (Miss. 1987). At trial, the judge stated, "[T]he court does not feel that it's in non-compliance of Rule 4.07, and even if somehow it could be deemed that it is, then certainly there is an exception . . . ." For the above reason we find that the trial judge did not abuse his discretion, and we affirm the trial court. III. DID THE CIRCUIT COURT ERR IN ALLOWING THE STATE TO PUT ON EVIDENCE THAT THE APPELLANT TESTIFIED BEFORE THE TATE COUNTY GRAND JURY ON ANOTHER CASE THAT WAS NOT RELATED TO THIS CASE?

The Mississippi Supreme Court has repeatedly explained the standard of review for this type of question. The trial judge has broad discretion as to the relevance and admissibility of evidence during trial. An appellate court cannot reverse a trial judge's ruling on an evidentiary matter unless the judge has abused his discretion. *Roberson v. State*, 595 So. 2d 1310, 1315 (Miss. 1992) (citing *Johnston v. State,* 567 So. 2d 237, 238 (Miss. 1990)).

During cross-examination, defense counsel asked Deputy Hadskey questions stressing Hunter's cooperation throughout the investigation. He asked the following:

> Q. Was Mr. Hunter cooperative with you in all aspects of this case?

A. Yes, sir.

Q. Was he cooperative with you when you went to search his home?

A. Yes, sir.

Q. Was he cooperative with you in other aspects of the investigation as far as you know?

A. That would have been the only time I came in touch with Jeff.

Q. Let me ask you this. He voluntarily appeared before the Tate County grand jury, which is unusual for defendants to do, isn't it, when they're accused of a crime?

On redirect, the State's attorney attempted to reveal that Hunter did not appear before the grand jury for this particular case. He asked the deputy:

Q. You were asked about the Defendant cooperating and appearing before a grand jury, is that right?

A. Yes, sir.

Q. Did the defendant appear before a grand jury in the C.S. case? (objection by Hunter)

After redirect, opposing counsel objected to this testimony. The jury was sent out, and the court discovered that Hunter had, in fact, appeared before the grand jury, but his appearance involved a completely different case. While appearing before the grand jury, Hunter was not even aware that he was a suspect in the present case.

The trial court ruled that defense counsel's questioning was designed to present the false impression that Hunter's appearance before the grand jury involved the present case. The trial court ordered that the State "should be allowed to clear [this] up by way of redirect examination."

Hunter argues that allowing the State to put on testimony that he had testified before the grand jury, on a case not related to the pending case, was prejudicial. This left the jury with the impression that Hunter had other charges pending against him, or that he had some interest in another criminal case.

On the other hand, the State argues that the defense made an issue of Hunter's cooperation with law enforcement and attempted to make it appear to the jury that Hunter voluntarily appeared before the grand jury. The State explained that it merely cleared up the misimpression and argues that the proof shown was limited carefully so as to not exceed the permissible limits of the "opened-door" doctrine.

Evidence, even if otherwise inadmissible, can be properly presented where the defendant has "opened the door." *Crenshaw v. State*, 520 So. 2d 131, 133 (Miss. 1988) (citing *Simpson v. State*, 366 So. 2d 1085, 1086 (Miss.1979)). In *Johnson v. State* the court explained that when defense counsel misleads the jury, the prosecution has a right to "uncover the mask" the defense is trying to create. *Johnson v. State,* 596 So. 2d 865, 870 (Miss. 1992). For the reasons explained above, we affirm the trial court and find this issue to be without merit.

**THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY OF CONVICTION ON COUNT I OF KIDNAPING AND SENTENCE OF THIRTY (30) YEARS; COUNT II OF SEXUAL BATTERY AND SENTENCE OF THIRTY (30) YEARS TO RUN CONCURRENTLY TO SENTENCE IN COUNT I; COUNT III OF RAPE AND SENTENCE OF THIRTY YEARS TO RUN CONCURRENTLY TO SENTENCE IN COUNT II, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**FRAISER, C.J., THOMAS, P.J., BARBER, COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**