**7/1/97**

IN THE COURT OF APPEALS

OF THE

STATE OF MISSISSIPPI

NO. 96-KA-00009 COA

*CARLA SMITH APPELLANT*

*v.*

*STATE OF MISSISSIPPI APPELLEE*

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. L. BRELAND HILBURN, JR.

COURT FROM WHICH APPEALED: HINDS COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT: RANDALL HARRIS

ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: JOLENE S. LOWRY

DISTRICT ATTORNEY: PAT BENNETT

NATURE OF THE CASE: MURDER

TRIAL COURT DISPOSITION: MURDER: SENTENCED TO SERVE A TERM OF 28 YEARS IN THE MDOC; DEFENDANT IS TO RECEIVE CREDIT FOR TIME SERVED AND IS TO BE PROVIDED THE OPPORTUNITY TO OBTAIN HER GED; SENTENCE TO RUN CONSECUTIVE TO ANY OTHER SENTENCES IMPOSED

MOTION FOR REHEARING FILED:7/9/97

CERTIORARI FILED: 9/16/97

MANDATE ISSUED: 11/13/97

BEFORE THOMAS, P.J., DIAZ, AND PAYNE, JJ.

THOMAS, P.J., FOR THE COURT:

Carla Smith appeals her conviction of murder, raising the following issues as error:

**I. THE EVIDENCE WAS INSUFFICIENT TO REFUSE A PEREMPTORY INSTRUCTION AND SUSTAIN A VERDICT OF GUILTY WHEN BASED SOLELY ON THE UNCORROBORATED TESTIMONY OF AN ACCOMPLICE WHOSE TESTIMONY WAS SELF-CONTRADICTORY, IMPROBABLE, INCONSISTENT, UNREASONABLE, AND SUBSTANTIALLY IMPEACHED.**

**II. THE TRIAL COURT ERRED IN DENYING SMITH'S DEFENSE INSTRUCTION 6.**

As the second issue is dispositive of this case, only it will be discussed. Finding error, we reverse and remand for a new trial.

FACTS

On May 27, 1994, a group of people beat Mr. Jessie Cutley to death. A forensic pathologist testified that Mr. Cutley died of multiple head blunt trauma. Nine persons were arrested for this killing; however, Hinds County only indicted Carla Smith with six others. Kevin Smith, Jeffrey Myers, and John Earl "June" Thomas pled guilty to manslaughter. Don Williams was tried and found guilty of murder. Robert Hicks and Terry Edwards' cases were pending at the time of Carla Smith's trial. Catrina Smith was returned to Youth Court as she was only twelve years old at the time of the offense and was never indicted. Also, Arnotia Baker, who was present that evening, was never indicted.

Carla Smith was brought to trial on September 18, 1995 for the beating death of Mr. Cutley. The first eyewitness to testify for the State was Ms. Catrina Smith, Carla's younger sister. Catrina was twelve years old at the time of this incident and was not indicted for the killing due to her age. She testified that on the evening in question, Mr. Cutley was walking up Cherry Street in Jackson, Mississippi. She testified that Mr. Cutley swung at Kevin Smith, Carla and Catrina's brother, but missed striking Kevin, then Kevin swung and struck Mr. Cutley's face. After being struck, Mr. Cutley fell to the ground. Catrina testified that several boys, Robert Hicks, John Thomas, Don Williams, and Jeff Myers started "stomping and kicking" Mr. Cutley when he was on the ground. She denied participating in the beating. Catrina stated that Carla was standing by a mailbox with Terry Edwards and did not kick or stomp on Mr. Cutley.

The next eyewitness to testify for the State was Ms. Arnotia Baker. Arnotia had given a statement to the police a day after the beating took place. In this statement, Arnotia denied any participation in the beating but stated that Carla Smith had kicked the man. On the stand, Arnotia stated that the police statement was a lie and that Carla did not have anything to do with the beating.

The State concluded its case-in-chief by calling John Thomas to the stand. John had given a statement to police that was a denial of any knowledge of the incident. He admitted at trial that the contents of his first statement were lies. He gave a second statement that detailed the actions of those who beat Mr. Cutley, but the statement does not mention Carla Smith. John testified that he had pled guilty to manslaughter the morning of Carla Smith's trial. He testified that Carla Smith hit the victim two or three times before he arrived and after he arrived at the scene she did no more beating. John

was the only witness to testify that Carla Smith had participated in the beating that evening.

Jeff Myers testified for the defense. He stated that he had kicked the man six or seven times and pled guilty to manslaughter. He testified that Robert Hicks, Kevin Smith, John Thomas, and Don Williams hit and kicked Mr. Cutley that night. However, Carla Smith never kicked or hit the man. Carla Smith testified in her own defense. She testified that she did not kick Mr. Cutley, but that Jeff Myers, Robert Hicks, John Thomas, Don Williams, and Catrina Smith were kicking him. She stated that John Thomas was lying when he said that she had kicked Mr. Cutley.

The jury convicted Carla Smith of murder.

ANALYSIS

## II.

## THE TRIAL COURT ERRED IN DENYING SMITH'S DEFENSE INSTRUCTION 6.

The case against Carla Smith rests almost entirely upon the testimony of John Thomas, an accomplice that evening. She states that since the accomplice, John Thomas' version was the only testimony of a substantive nature against her, the lower court erred in refusing to grant her proffered defense instruction D-6, an "accomplice cautionary instruction." The instruction reads as follows:

The Court instructs the jury that witness _____ was/were charged with the same crime as Carla Smith and _____ testimony is to be considered and viewed by you, the members of the jury, with great caution and suspicion.

The "clear law in the State of Mississippi is that the jury is to regard the testimony of co-conspirators with great caution and suspicion." *Brown v. State*, 682 So. 2d 340, 345-46 (quoting *Derden v. State*, 522 So. 2d 752, 754 (Miss. 1988)). The uncorroborated testimony of an accomplice "should be viewed with great caution and suspicion and must be reasonable, not improbable, self-contradictory or substantially impeached." *Catchings v. State*, 394 So. 2d 869, 870 (Miss. 1981) (citing *Moody v. State*, 371 So. 2d 408 (Miss. 1979); *Jones v. State*, 368 So. 2d 1265 (Miss. 1979); *Thomas v. State*, 340 So. 2d 1 (Miss. 1976)).

On numerous occasions, this Court has espoused the common law rule that an accused may be convicted on the uncorroborated testimony of an accomplice. . . . On the other hand, we have also said that such uncorroborated testimony should be viewed with great caution and suspicion. Indeed, to carry the necessary burden of proof for conviction the testimony of the accomplice must not be unreasonable, improbable, self-contradictory, nor impeached by an unimpeached witness. . . . The most serious example of self-contradiction in the testimony of the alleged accomplice, . . . is contained in the statements give to the police. . . . [The] first statement given . . . concerning the alleged burglary failed to mention [the appellant]. . . .

*Feranda v. State*, 267 So. 2d 305, 307 (Miss. 1972) (citations omitted).

"Where the State's evidence rests solely upon the testimony of an accomplice witness, this Court has held that the trial court errs in failing to give a cautionary instruction." *Brown*, 682 So. 2d at 345

(citing *Holmes v. State*, 481 So. 2d 319, 322-23 (Miss. 1985); *Hussey v. State*, 473 So. 2d 478, 480 (Miss. 1985)).

The State produced only three witnesses that were there on the evening in question. Two of these witnesses testified that Carla Smith in no way participated in the death of Mr. Cutley. Only one eyewitness for the State, John Thomas, testified that Carla Smith took part in this beating. While acknowledging that there is abundant corroboration that the victim died of multiple blunt head trauma and that Carla Smith was present when the beating occurred, there is no other evidence of the actual conduct of Carla Smith to support the verdict except that of the accomplice, John Thomas. Every other witness presented by the defense and the State substantially contradicted the testimony of John Thomas.

While a conviction may rest on the testimony of one accomplice alone, the testimony of John Thomas arguably was neither reliable nor consistent. When faced with such a situation, the trial court must accede to a defendant's request and grant an accomplice cautionary instruction. Accordingly, the conviction is reversed and remanded for a new trial.

**THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE TAXED TO HINDS COUNTY.**

**BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**