DICKINSON, PRESIDING JUSTICE,
SPECIALLY CONCURRING:
¶ 48. I write separately to advocate abolition of accomplice-testimony instructions because they invade the jury’s exclusive province to weigh and determine the credibility of the witnesses.
¶ 49. Carson’s ineffective-assistanee-of-counsel claim centers on his counsel’s failure to request an instruction informing the jury that it should “regard the testimony of co-conspirators with great caution and suspicion.”[2] In my view, such accomplice-testimony instructions are inappropriate.
¶ 50. In Drummer v. State, I joined Justice Kitchens’s view that we should abolish flight instructions because they inform jurors that they may infer guilt from the fact that a defendant flees the scene of the crime.[3] While I do not question that a defendant’s flight may be some proof of guilt, a jury instruction that elevates “some proof of guilt” to an inference of guilt, impermissibly and unnecessarily injects the trial judge into the jury’s consideration of the evidence. And by instructing *36 the jury that it may infer guilt, the judge endorses that particular inference over all others that reasonably may be drawn from the evidence. Flight instructions have no articulable purpose, other than to help the State prevail.
¶ 51. Accomplice-testimony instructions suffer from the same flaws. They directly contradict the well-settled principle that only the factfinder may judge the credibility of a witness.[4] When the judge instructs the jury that it should view a coconspirator’s testimony with suspicion, the judge, with the Court’s imprimatur, prejudges the credibility of that witness, abrogating the jurors’ right to judge for themselves. In the same way that a flight instruction places the judge’s approval on a particular inference, the accomplice-testimony instruction places the judge’s scepticism on a particular witness’s testimony.
¶ 52. And what juror needs to be told that a coconspirator has a significant incentive to lie? Certainly, any person capable of serving on a jury recognizes this fact without an instruction, especially where, as here, the coconspirator testified that he pleaded guilty and had not yet been sentenced at the time of the defendant’s trial. So, for these reasons, I would do away with accomplice-testimony instructions just as I would flight instructions. That said, I do not believe we could apply that change to Carson.
¶ 53. In Rogers v. Tennessee, the United States Supreme Court held that a state court’s decision to abrogate a common-law doctrine may violate a criminal defendant’s due process rights when the change works to the defendant’s disadvantage and the court applies that change retroactively.[5] “[A] judicial alteration of a common law doctrine of criminal law violates the principle of fair warning, and hence must not be given retroactive effect, only where it is ‘unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.’ ”[6]
¶ 54. Under this test, retroactive application of a decision to abolish accomplice-testimony instructions would violate due process. Accomplice-testimony instructions were available at the time of Carson’s trial, and this Court has given no indication that it might change that rule. The change would be both “ ‘unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.’ ”[7] So I agree with the majority’s analysis of Carson’s ineffective-assistance-of-counsel claim without regard to my view that these instructions should be abolished.

. Derden v. State, 522 So.2d 752, 754 (Miss. 1988) (citing Winters v. State, 449 So.2d 766, 771 (Miss. 1984); Simpson v. State, 366 So.2d 1085 (Miss. 1979); Thomas v. State, 340 So.2d 1 (Miss. 1976)).

. Drummer v. State, 167 So.3d 1180, 1196-99 (Miss. 2015) (Kitchens, J., concurring in part I and dissenting from part II).

. Carr v. State, 655 So.2d 824, 837 (Miss. 1995) (quoting Sudduth v. State, 562 So.2d 67, 70 (Miss. 1990)).

. Rogers v. Tennessee, 532 U.S. 451, 461-62, 121 S.Ct. 1693, 1700, 149 L.Ed.2d 697 (2001).

. Id. at 462, 121 S.Ct. 1693 (quoting Bouie v. City of Columbia, 378 U.S. 347, 354, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964)).

. Rogers, 532 U.S. at 461-62, 121 S.Ct. 1693 (quoting Bouie, 378 U.S. at 354, 84 S.Ct. 1697).