WELLBORN *et al. v.* STATE.*

(Division A. Nov. 9, 1925.)

[105 So. 769. No. 25193.]

1. CRIMINAL LAW. *Where several persons jointly indicted are granted severance, their failure to object to joint trial waives right to be tried separately.*

   Where several defendants who are jointly indicted for the commission of an offense are granted a severance, but the trial thereafter proceeds against them jointly and not separately without objection on their part, they waive the right to be tried separately.

2. CRIMINAL LAW. *Refusal to instruct that testimony of accomplice should be viewed with care and caution held not error.*

   The practice of instructing the jury in a criminal case in which a conviction is sought on the testimony of an accomplice to view such testimony with care and caution rests in the discretion of the presiding judge, and his refusal to so instruct the jury is not assignable for error.

---

*Headnotes 1. Criminal Law, 16 C. J., Section 2014; 2. Criminal Law, 16 C. J., Section 2414; Instructing jury as to testimony of accomplice, 14 R. C. L., p. 734.

APPEAL from circuit court of Jones county, Second District.

HON. R. S. HALL, Judge.

Hassell Wellborn and another were convicted of larceny, and they appeal. Affirmed.

*F. H. Bush,* for appellant.

A severance was granted by the court, but the district attorney had both defendants brought in court, and after the third defendant, Buster Lewis, had entered a plea of guilty, he was made a state witness, and the court pro-

ceeded to try the other two defendants jointly, which I think was reversible error.

Instruction number eight, in favor of the defendants should have been given, to the effect that the testimony of an accomplice should be weighed with care and caution.

*J. L. Byrd,* assistant attorney-general, for the state.

The only question presented was a question of fact to be determined by the jury, and that was whether or not Buster Lewis was telling the truth, or whether the two defendants were telling the truth, and the jury found the facts to be as testified by Buster Lewis, and we submit that the same should not be disturbed by this court unless there is manifest error in the instructions, since no point is made on the introduction of any evidence.

An instruction as to the weight to be given the testimony of the accomplice was refused. While such an instruction has been held to be proper, yet we do not think the court would reverse for the failure to give this instruction, especially where the jury has been instructed in regard to the credibility of witnesses, as was done in this case at the request of both the state and the defendant.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction of larceny. The indictment is against the two appellants and Buster Lewis. The appellants requested, and were granted, a severance, but when the case came on for trial, it was proceeded with against the appellants, but not against Lewis. One of the assignments of error complains of the trial of these appellants together instead of separately, but the record discloses no objection thereto; consequently no complaint thereat can be here made.

The appellants were convicted on the uncorroborated testimony of Lewis who testified for the state that he and the appellants together committed the crime, and another

140 Miss.—41.

complaint of the appellants is that the court refused to charge the jury that the testimony of Lewis should be viewed with great care and caution.

. "At common law the judge was entitled and bound to assist the jury, before their retirement, with an expression of his opinion (in no way binding them to follow it) upon the weight of the evidence. This utterance was made the medium of many useful general suggestions based on experience. The benefit of this experience was thus obtained for them, without any attempt to fetter their judgment by inflexible dogmas unfitted for invariable application as rules of law. One of these general hints was that about accomplices' testimony. But in this country the orthodox function of the judge to assist the jury on matters of fact was . . . (except in a few jurisdictions) eradicated from our system. The judge was forbidden to contribute to the jury's aid any expression of opinion upon the weight of evidence in a given case." 3 Wigmore on Evidence, section 2056, at page 2747; section 793, Code of 1906 (Hemingway's Code, section 577).

The custom of cautioning juries with reference to the weight to be given to the testimony of an accomplice rests at common law upon a rule of practice (*Cheatham* v. *State,* 67 Miss. 335, 7 So. 204, 19 Am. St. Rep. 310; *Commonwealth* v. *Phelps,* 192 Mass. 591, 78 N. E. 741), but in a number of jurisdictions in this country it has been by statute elevated into a rule of law by which, notwithstanding a statute which expressly prohibits the trial judge from charging on the weight of the evidence, he is required to caution the jury with reference to the testimony of an·accomplice. 3 Wigmore on Evidence, section 1056. We have no such statute in this state.

In a line of cases beginning somewhat early in its history, and ending with *Dedeaux* v. *State,* 125 Miss. 326, 87 So. 664, in all of which the court seems to have left out of view the statute which now appears as section 793, Code of 1906 (Hemingway's Code, section 577), this court held that it is proper to charge the jury that the testimony

of an accomplice should be viewed with care and caution. In *Green* v. *State,* 55 Miss. 454, a death sentence was reversed because of the refusal of the trial court to give such an instruction, but in *Cheatham* v. *State,* 67 Miss. 335, 7 So. 204, 19 Am. St. Rep. 310, the court declined to reverse a similar case for the refusal to grant such an instruction (the one referred to therein as No. 23), and held that "the practice of giving such instructions or advice to the jury, . . . rests in the discretion of the presiding judge and his refusal so to do is not assignable as error," and, while Green's case was not referred to therein, it was necessarily overruled thereby. Cheatham's case was followed in *Brown* v. *State,* 72 Miss. 990, 18 So. 431, and in *Watkins* v. *State,* 134 Miss. 211, 98 So. 537, in which the court was dealing with a question analogous to, though not identical with, the one here under consideration. It was also cited with approval in *Wilson* v. *State,* 71 Miss. 880, 16 So. 304, in which the court held that, while it was proper to instruct the jury to view the testimony of an accomplice with care and caution, the language in which the instruction should be couched rests in the discretion of the court. We do not understand that the court intended in either Wilson's or Dedeaux's case to modify the rule announced in Cheatham's case, although both of them could have been disposed of by applying the rule that the refusal or modification of cautionary instructions cannot be assigned as error.

*Affirmed.*