219 So.2d 916 (1969)
Larry ROBINSON
v.
STATE of Mississippi.
No. 45280.
Supreme Court of Mississippi.
February 24, 1969.
*917 A.S. Scott, Jr., Laurel, for appellant.
Joe T. Patterson, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
BRADY, Justice.
This is an appeal from a verdict rendered against appellant, a twenty-seven year old colored male, in the Circuit Court of the Second Judicial District of Jones County, Mississippi, wherein appellant, Larry Robinson, was found guilty of the crime of armed robbery and sentenced to twenty-five years in the Mississippi State Penitentiary.
The facts pertinent to this appeal are as follows: On January 11, 1968, four colored men armed with pistols and a shotgun robbed the Robert's Grocery in Laurel, Mississippi, escaping with $1983.84 in change, currency and food stamps and with a money sack and a billfold belonging to Howard Smith, the manager of the store. Witnesses for the State included Howard Smith, Robert Smith, the store owner, and Bennie Dobbins, an employee of the store. It was established that the appellant, Larry Robinson, was known to two of these witnesses and that he was not one of the four men who actually entered the store. By the testimony of Howard Smith the State established the fact that a black Lincoln automobile belonging to Eudell Graham was seen in the vicinity of the store shortly prior to the time of the robbery. Edwina Moody, who lived half a block from Robert's Grocery, testified that she saw a black car in the alley near the store at approximately the time of the robbery.
The State's main witness was Larry Taylor, a sixteen year old boy who had *918 participated in the robbery. Howard Smith identified Larry Taylor as one of the men who entered and robbed the store. Larry Taylor testified that on January 11, 1968, he, along with Larry Robinson, age twenty-seven, Eudell Graham, age thirty, Jessie Edwards, age seventeen, Lamont Miller, age twenty-one, and Lebaron Washington, age seventeen, had robbed the Robert's Grocery in Laurel, Mississippi. He stated that Graham and Robinson did not actually enter the store because the people who worked there would have recognized them. After the robbery, the four who had entered the store returned to Eudell Graham's black Lincoln with a Tennessee tag which was parked in the alley about a block and a half from the store. Taylor testified that Larry Robinson opened the front door and that he jumped in the front seat. Larry Taylor further testified that at the time of the robbery the appellant was wearing a wig. The six men then proceeded to the Do-Drop Inn Hotel in New Orleans where they divided the money, each person receiving $234. The same evening the appellant took the black Lincoln and returned to Hattiesburg with three pawn tickets belonging to Eudell Graham in order to claim Graham's color television, transistor radio, and camera.
The appellant was arrested by Captain Tom Oglesbee and Officer Fluker of the Hattiesburg Police Department at the Hi Hat Club at Palmer's Crossing approximately five miles below Hattiesburg about 9 p.m. on January 11, 1968. At the curb near the club was parked the Lincoln automobile with a flat tire. The appellant had $258.99 in cash and the three pawn tickets belonging to Eudell Graham on his person when arrested, and he was wearing a wig.
Larry Taylor further testified that he was arrested at the hotel in New Orleans along with Eudell Graham and Lebaron Washington and that two pistols, a shotgun, the wallet, and money sack were all found. Lamont Miller and Jessie Edwards were not caught. The defendant's attorney objected to the introduction into evidence of the weapons, wallet and money sack. The proof shows that Larry Taylor previous to the trial of the appellant had pled guilty to the charge of armed robbery and had been sentenced to eight years in the Mississippi State Penitentiary.
The appellant's attorney on cross-examination attempted to impeach the testimony of the witness, Larry Taylor, by showing that at an earlier date he, along with the other men who had been arrested, said that Miller and Edwards had forced them to do the job. Larry Taylor testified that he had been told to tell the story to clear Graham and Robinson, but that it was not true and that the story that he was telling on the stand was the truth.
At the end of the evidence for the State the attorney for the appellant made a motion for a directed verdict which was denied. The defendant presented only one witness, Clarence Simms, the deputy sheriff and jailor of Jones County, who testified that the witness, Larry Taylor, had escaped from the Jones County Jail two times since he had been placed there. Taylor had previously testified that he escaped only one time. The jury found the appellant guilty, and he was sentenced to twenty-five years in the State Penitentiary. The appellant's motion for a new trial was overruled and an appeal was taken to this Court.
The appellant assigned as error that: (1) The court permitted the introduction of condemning evidence without any idea as to how this evidence came into the possession of the law, and (2) the court committed error by refusing the instruction which would have told the jury that the testimony of an accomplice should be considered with care, caution, suspicion and distrust.
Appellant was not present at the hotel at the time of the search and seizure of the items placed in evidence. Under the rule as set out in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233 (1960), appellant had no standing to attack the legality of *919 the search and seizure. The fundamental basis for the exclusion of evidence obtained by means of an illegal search and seizure under the Fourth Amendment of the United States Constitution and Article 3, Section 23 of the Constitution of the State of Mississippi is the protection of privacy. "In order to qualify as a `person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else. * * * [A] party will not be heard to claim a constitutional protection unless he `belongs to the class for whose sake the constitutional protection is given.' People of State of N.Y. ex rel. Hatch v. Reardon, 204 U.S. 152, 160, 27 S.Ct. 188, 190, 51 L.Ed. 415." Jones v. United States, 362 U.S. 257, 261, 80 S.Ct. 725, 731, 4 L.Ed.2d 697, 702 (1960). To establish standing a defendant must show either that he owned or possessed the seized property or had a substantial possessory interest in the premises searched or he must show that he was legally on the premises where the search occurred at the time of the search. Jones v. United States, supra; Garza-Fuentes v. United States, 400 F.2d 219 (5th Cir.1968); Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); Parman v. United States, 399 F.2d 559 (D.C. Cir.1968); Norrell v. State, 116 Ga. App. 479, 157 S.E.2d 784 (1967); State v. Page, 251 La. 810, 206 So.2d 503 (1968); Lanier v. State, 219 Tenn. 417, 410 S.W.2d 411 (1966).
In conclusion we find no merit in appellant's second assignment of error, to-wit, that the court refused to give the appellant the following instruction:
The court instructs the jury for the defendant, Larry Robinson that the law looks with suspicion and distrust on the testimony of an accomplice, and requires the jury to weigh the same with great care and caution, and, in this case, that Larry Taylor was an accomplice, and in passing on what weight, it any, you would give his testimony, you should weigh it with great care and caution, and look upon it with distrust and suspicion.
The record discloses that the trial court altered or modified the instruction requested by the appellant so that it read as follows:
The Court instructs the jury for the defendant that the testimony of an accomplice is to be received and considered with caution and that in this case Larry Taylor was an accomplice, and in passing on what weight the jury gives his testimony they should weigh it with great care and caution.
The instruction as modified was offered to the appellant who declined to accept it.
The trial court had under our decisions and under the provisions of Mississippi Code of 1942 Annotated, Section 1530 (1956) the power not only to alter or modify the instruction requested, but also the power within its discretion to refuse to grant any instruction regarding the testimony of accomplices and the refusal to give such an instruction does not constitute reversible error. Miss.Code 1942 Ann. § 1530 (1956); Holmes v. State, 242 Miss. 407, 134 So.2d 485 (1961); Searcy v. State, 52 So.2d 483 (Miss. 1951); State v. Jennings, 50 So.2d 352 (Miss. 1951); Gordon v. State, 188 Miss. 708, 196 So. 507 (1940); Wellborn v. State, 140 Miss. 640, 105 So. 769 (1925); Matthews v. State, 108 Miss. 72, 66 So. 325 (1914); Johnson v. State, 78 Miss. 627, 29 So. 515 (1900); Scott v. State, 56 Miss. 287 (1879).
Affirmed.
GILLESPIE, P.J., and RODGERS, PATTERSON and SMITH, JJ., concur.