319 So.2d 223 (1975)
Carroll FLEMING and Paul Fleming
v.
STATE of Mississippi.
No. 48629.
Supreme Court of Mississippi.
September 22, 1975.
Rehearing Denied October 20, 1975.
Murray L. Williams, Water Valley, for appellants.
A.F. Summer, Atty. Gen., by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, SUGG and BROOM, JJ.
RODGERS, Presiding Justice.
The appellants, Carroll and Paul Fleming, were indicted, tried and convicted in the Circuit Court of Calhoun County, Mississippi, on a charge of burglary. They *224 were each sentenced to serve a term of seven (7) years in the state penitentiary, and from this judgment they have appealed to this Court.
We have examined the record in the light of the splendid briefs; we have read the authorities cited in support of the suggested errors and have failed to find an error on which a reversal of the trial judgment may be predicated.
The conviction in this case was predicated upon the sworn testimony of a co-conspirator, a man with a long criminal record. The appellants earnestly complain of this testimony under several alleged errors of the trial court. However, the weight and worth of the testimony is for the jury. This Court has long been committed to the proposition that the uncorroborated testimony of an accomplice, when reasonable, is sufficient to sustain a verdict of conviction. See the authorities cited in Moore v. State, 291 So.2d 187 (Miss. 1974).
The appellant argues, however, that the uncorroborated testimony of an accomplice is looked on with suspicion, [we so held in Moore, supra] and, therefore, defendant should have been granted Instruction No. 13 so stating. This instruction was properly refused for several reasons. First, instructions on the personal interest of a witness or on the weight of the testimony are prohibited by statute. Bryson v. State, 291 So.2d 693 (Miss. 1974). Second, the granting of a cautionary instruction as to the testimony of an accomplice is discretionary with the trial judge and is not the subject of error on appeal to this Court. Wellborn v. State, 140 Miss. 640, 105 So. 769 (1925); Cheatham v. State, 67 Miss. 335, 7 So. 204 (1890).
The court was correct in denying Instruction No. 17. This instruction is another of the "false in part, false in all" [falsus in uno, falsus in omnibus] instructions on the weight to be given to the testimony of a witness. We have condemned this instruction so often that we hope it should be plain to all that the instruction is not proper. Butler v. State, 245 So.2d 605 (Miss. 1971).
We do not find a reversible error among the other alleged errors argued by the appellants.
The judgment of the trial court is therefore affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, ROBERTSON and WALKER, JJ., concur.