456 So.2d 757 (1984)
Lee Edward GREEN
v.
STATE of Mississippi.
No. 55059.
Supreme Court of Mississippi.
September 19, 1984.
Kenneth C. O'Neal, Grenada, for appellant.
*758 Bill Allain, Atty. Gen. by Anita Mathews Stamps, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and HAWKINS and DAN M. LEE, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Grenada County, Mississippi wherein the appellant, Lee Edward Green, was indicted, tried and convicted of attempted armed robbery and sentenced as an habitual offender to a term of fifteen years in the custody of the Mississippi Department of Corrections. Aggrieved with the lower court's holding, appellant has perfected his appeal to this Court.
The appellant contends the court erred in failing to grant Instruction D-8 which reads:
Lonzell Williams, Jr. is an accomplice in this case and the testimony of an accomplice is to be considered and weighed with great care and caution. You may give it such weight and credit as you deem it is entitled.
Assuming Williams was an accomplice to the crime as contended by the defendant, this Court has held on numerous occasions that the trial court has broad discretion in deciding whether to grant a cautionary instruction regarding the testimony of an accomplice; and, the refusal to give such an instruction does not constitute reversal error. Fleming v. State, 319 So.2d 223 (Miss. 1975); Wilson v. State, 305 So.2d 347 (Miss. 1974); Robinson v. State, 219 So.2d 916 (Miss. 1969). However, that discretion is subject to abuse when the State's evidence rests solely upon the testimony of an accomplice and there is some question as to the reasonableness and consistency of the testimony, or the defendant's guilt is not clearly proven as was the case in Catchings v. State, 394 So.2d 869 (Miss. 1981). In that case we held that refusal of the requested instruction was prejudicial error and reversed the conviction.
In this case, the evidence of the defendant's guilt was proven not only by the testimony of the accomplice, but the eyewitness testimony of the victim. Therefore, the trial court did not abuse its discretion by refusing the cautionary instruction.
In considering the evidence before us which is favorable to the State together with all reasonable inferences to be drawn therefrom, we find the evidence more than sufficient to support the verdict of guilty.
Finding no errors committed in the lower court, this cause is hereby affirmed.
AFFIRMED.
ROY NOBLE LEE, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.