473 So.2d 478 (1985)
Roger HUSSEY
v.
STATE of Mississippi.
No. 54818.
Supreme Court of Mississippi.
July 24, 1985.
*479 John B. Farese, Farese, Farese & Farese, Ashland, for appellant.
Bill Allain, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and PRATHER and ANDERSON, JJ.
WALKER, Presiding Justice, for the Court:
This case comes as an appeal from the Circuit Court of Pontotoc County, Mississippi. Roger Hussey was tried and convicted of the crime of arson. The trial court sentenced appellant to serve a term of ten years in the custody of the Mississippi Department of Corrections.
On November 9, 1980 the Western Auto Store in Pontotoc, Mississippi was burned. Larry Hester was stopped by a city policeman patrolling the area as he was leaving the store late that night. Hester told the policeman he was waiting for Roger Hussey. Hussey was the owner of the store. About this time it became obvious that the building was on fire.
Hussey was called and when he arrived he went to the patrol car where Hester was being held and asked him "What in the hell do you mean, burning my business."
Hester did not indicate Hussey was involved in the fire until after he had plead guilty and been sentenced to ten years in the custody of the Mississippi Department of Corrections. Hester testified that almost every day after being sentenced several people, including the sheriff, came and talked to him about implicating Hussey. He further testified that after he implicated Hussey and testified before the grand jury that "They carried me back to jail, and didn't say anything, until they said the ten year sentence had been set aside, and that if I would make bond, I could go, until-until the time that they felt like they would resentence me." He is still out on bail and has not been resentenced.
Hussey was an officer in the Mississippi Army National Guard and had been accepted for helicopter flight school. He had always wanted to go to helicopter school. In order to go to flight school Hussey had to make arrangements to keep the store operating during his absence. An attempt to sell the store had been unsuccessful.
Hussey's bookkeepers and his accountant all testified that the store was in sound financial condition. His banker supported this testimony and said that Hussey was a good bank customer with a $75,000 to $100,000 line of credit.
Hussey's insurance agent, Joe Maxey, testified as to the amount of insurance on the contents and inventory of the Western Auto Store. Maxey testified that Hussey's insurance claim was investigated, found to be just, and paid. He testified that Hussey was paid $124,780.02 for his losses. Hussey's accountant testified that this money *480 had been used to pay bank notes, floor-plan obligations and other business debts. Hussey took a loss on his accounts receivable of approximately $40,000.
There was testimony from W.D. Rowland and Branty Gentry that Hussey had made arrangements with them to operate his business while he was away at flight school. A representative of Western Auto also testified that Hussey had discussed the operation of the store during his absence and requested that the representative make extra visits during this time. Hussey had also recently had another Western Auto employee to come in and analyze and recondition his store.
Hussey testified that he had known Larry Hester for 14 or 15 years. He often took his personal vehicles to Hester to work on. Hester was a frequent visitor to the store and had access to it. Hester had access to store keys which were on Hussey's keyrings to his vehicles.
THE TRIAL COURT ERRED IN FAILING TO GRANT REQUESTED DEFENSE INSTRUCTION D-8.
The refused instruction reads as follows:

D-8
"The Court instructs the jury that the uncorroborated testimony of an accomplice should be viewed with great caution and suspicion and that it must be reasonable and not improbable or self-contradictory or substantially impeached."
It is true that we said in Fleming v. State, 319 So.2d 223, 224 (Miss. 1975):
... the granting of a cautionary instruction as to the testimony of an accomplice is discretionary with the trial judge and is not the subject of error on appeal to this Court. Wellborn v. State, 140 Miss. 640, 105 So. 769 (1925); Cheatham v. State, 67 Miss. 335, 7 So. 204 (1890).
However, that discretion is not absolute but is subject to being abused the same as a trial court's discretion in other matters. Before we hold that there was an abuse of discretion it must be a rare case with unusual circumstances which makes the evidence virtually irreconcilable with the verdict except for the testimony of the accomplice, such as the case now before us.
Although motive is not necessary in order to prove arson, Moody v. State, 371 So.2d 408, 410 (Miss. 1979), the absence of any reasonably inferrable motive may be taken into consideration by this Court on appeal. We emphasize, however, that motive is not a matter that must be proven by the state or a fact to be submitted to the jury for their determination. We would also point out that we do not intend to proscribe defense counsel from arguing lack of motive to the jury.
In this case, where the state's main witness' ten-year sentence in the custody of the Mississippi Department of Corrections was vacated after much pressure was brought to bear on him to implicate Hussey and which he did, coupled with the absence of any evidence of a purpose for Hussey to burn his business, particularly at a financial loss, we are of the opinion that this is one of those rare cases where we are compelled to hold that the trial judge abused his discretion by not granting the cautionary instruction set out above.
For the above reason the judgment of the trial court is reversed and this cause remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
ROBERTSON and PRATHER, JJ., specially concur.
ROBERTSON, Justice, specially concurring:
In recent weeks we have decided two cases concerning requests for jury instructions in criminal prosecutions to the effect that the testimony of an accomplice should *481 be viewed with great care and caution.[1] In the case at bar we hold that the trial judge abused his discretion in his refusal to grant such an instruction. In Davis v. State, 472 So.2d 428, 435 (Miss. 1985), on different facts we reached the opposite result.[2] The distinction between this case and Davis should be stated with clarity.
In Hussey, the case for the State rests almost in its entirety upon the testimony of the accomplice, Larry Hester. Under such circumstances I do not understand that the trial judge has authority to refuse the accused's request for a cautionary instruction. Catchings v. State, 394 So.2d 869, 870 (Miss. 1981) to my view so holds. See also, Green v. State, 456 So.2d 757, 758 (Miss. 1984); United States v. Darland, 626 F.2d 1235, 1238 (5th Cir.1980); United States v. Garcia, 528 F.2d 580, 588 (5th Cir.1976); United States v. Beasley, 519 F.2d 233, 243 (5th Cir.1975); Williamson v. United States, 332 F.2d 123 (5th Cir.1964). Today's decision, therefore, correctly reverses.
The Davis prosecution, on the other hand, did not rest upon the uncorroborated testimony of an accomplice. To be sure, the accomplice in Davis, Ray Alexander, testified that he was in the car with Stanley L. Davis when Davis fired the fatal shots into Seay's Lounge. The record also reflects that Sue Watson, wife of the victim, was looking out the window of the lounge and observed Davis in his red Ford pickup truck driving in front of the lounge and firing a pistol. The point is that Sue Watson's testimony provided evidence sufficient to convict, leaving aside the testimony of the accomplice Alexander.
With regard to the Davis case, I agree with the point in Justice Hawkins' dissent that on the facts there present Alexander was enough of a participant in the evening's events to be considered an accomplice for purposes of the requested instruction. Because there was over and above Alexander's testimony evidence sufficient to undergird a conviction, the granting or denial of a cautionary instruction regarding the accomplice's testimony was under established case law within the discretion of the trial judge. Green v. State, 456 So.2d 757, 758 (Miss. 1984); Jones v. State, 381 So.2d 983, 991 (Miss. 1980); Ragan v. State, 318 So.2d 879, 882 (Miss. 1975); Wellborn v. State, 140 Miss. 640, 643, 105 So. 769, 770 (1925); see also United States v. Kelly, 569 F.2d 928, 936 (5th Cir.1978); United States v. Windom, 510 F.2d 989, 994 (5th Cir.1975).
I am sympathetic to the position taken by Justice Hawkins in the Davis case. Where, as here, we have a rule of law to the effect that the testimony of an accomplice is to be considered and weighed with great care and caution, Mason v. State, 429 So.2d 569, 571 (Miss. 1983); Thomas v. State, 340 So.2d 1, 2 (Miss. 1976), and where, as here, the prosecution regards as important the testimony of an accomplice, it follows to my mind that our law cannot rationally commit the granting or denial of the cautionary instruction to the discretion of the trial judge. Otherwise, we infect the trial of cases involving accomplice testimony with an element of the arbitrary I find *482 antithetical to basic notions of evenhanded justice.
Venerable case law, however, commits this matter to the sound discretion of the trial judge. Where there is in the record substantial testimony suggesting guilt over and above that provided by the accomplice, we have never regarded as reversible error the trial judge's refusal of the cautionary instruction. See Green v. State, 456 So.2d 757, 758 (Miss. 1984) back through Wellborn v. State, 140 Miss. 640, 642-43, 105 So. 769, 770 (1925), and Cheatham v. State, 67 Miss. 335, 343-346, 7 So. 204, 206-07 (1890). Reversal in Davis would require a change in our existing law. I did not regard that (or this) as the day to advocate such a change.
PRATHER, J., joins in this opinion.
NOTES
[1] The question in these two cases arises frequently, for the State frequently calls as a witness one who was an accomplice of the one on trial. The circuit judges of this state have developed a pattern jury instruction regarding the matter.

104.25 Testimony of an Accomplice
PATTERN INSTRUCTION
[Name] is an accomplice in this case and the testimony of an accomplice is to be considered and weighed with great care and caution. You may give it such weight and credit as you deem it is entitled.
Mississippi Model Jury Instruction: Civil and Criminal 377 (1977)
The disputed jury instruction in Davis tracks the pattern instruction almost verbatim. The instruction in the case at bar parrots the language of many of our cases. See, e.g., Fairchild v. State, 459 So.2d 793, 798 (Miss. 1984); Mason v. State, 429 So.2d 569, 571 (Miss. 1983).
Though it differs from the pattern instruction, the instruction at issue here correctly states the law and is in acceptable form.
[2] The same circuit judge, the same district attorney and the same defense attorneys were involved in both cases.