498 So.2d 1224 (1986)
Apprilla VAN BUREN
v.
STATE of Mississippi.
No. 56359.
Supreme Court of Mississippi.
November 26, 1986.
Bentley E. Conner, Canton, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and DAN M. LEE and ANDERSON, JJ.
DAN M. LEE, Justice, for the Court:
This appeal is taken from the Circuit Court of Madison County wherein Apprilla Van Buren was convicted of vote fraud under Miss. Code Ann. § 23-9-703 (Supp. 1985). She was sentenced to serve 2 years and 6 months with the Mississippi Department of Corrections. The execution was stayed conditioned on compliance with a probation order requiring her to: perform community work one day a week for 90 weeks; pay court costs and statutory fees and make restitution to Madison County in the amount of $500.00 for her court-appointed attorney; and, be placed on supervised probation for 5 years. Her conviction followed a five-count indictment, an initial trial in which four of the counts were dismissed and a mistrial declared on the second *1225 count. Van Buren was subsequently retried on this lone count of vote fraud. She appeals assigning the following errors:
I. The verdict of the jury was contrary to the weight of the evidence and should have necessitated a new trial.
II. A criminal defendant indicted for aiding and abetting another should not be convicted where there is no proof of criminal behavior on the part of the principal named in the indictment.
III. The trial court erred in failing to grant defendant's Instruction D-2, that the testimony of an accomplice should be viewed with great caution.
IV. The trial court erred in refusing defendant's Instruction D-3 setting forth the burden of proof as to the guilt of the principal.
We affirm.

FACTS
Apprilla Van Buren was indicted in mid-December, 1983 on five counts of vote fraud. The indictment reads that Van Buren, on or about October 4, 1983:
[D]id willfully, unlawfully and feloniously aid, abet, assist, encourage, help and cause Octavia McMorris, who was then and there a person voting an absentee ballot, to violate the following provisions of law pertaining to absentee voting to-wit:
1. Make false affidavit for an application for an absent elector's ballot by stating such applicant or absentee voter to be physically unable to vote at the polls when in truth and in fact such was not true; and,
2. Make a false affidavit for an application for an absent elector's ballot by purporting to sign such affidavit in the presence of a Notary Public, when in truth and in fact such was not true; and,
3. Make a false affidavit on the official ballot envelope that same was signed and sealed before a Notary Public when in truth and in fact neither was the case; and,
4. Vote his or her ballot in the presence of and within sight of some other person, namely the said Apprilla Van Buren; and,
5. Suggesting that such absentee voter voter for a particular candidate or candidates as the ballot was then being marked and did thereby illegally influence the vote of such absentee voter.
against the peace and dignity of the State of Mississippi.
At the first trial on this indictment, the trial court directed a verdict in favor of Ms. Van Buren on counts 1, 3, 4 and 5 but allowed the second count charged to go to the jury. The jury could not render a verdict, however, and a mistrial was declared. A second trial was held September 26, 1984 on the second count only of aiding, abetting, assisting, encouraging, helping and causing Octavia McMorris to make a false affidavit for an application for absentee ballot. The state called only two witnesses.
The first witness was J.D. Rasberry, the Madison County Circuit Clerk. He testified that defendant Apprilla Van Buren was a candidate for county tax assessor/collector in the November 8, 1983 general election. He received from Octavia McMorris, a registered voter, (1) a request for an absentee ballot application, (2) the completed application and (3) the absentee ballot for the general election. Ms. McMorris' application and ballot were among a group of absentee ballots notarized by Mildred Branch which were challenged and ultimately not counted in the general election. Mildred Branch was a notary public. By statute a notarized application for absentee ballot must be received before an absentee ballot is issued, Rasberry testified, and on the basis of the facial validity of Octavia McMorris' affidavit a ballot was issued and returned. Rasberry stated that applications are available to anyone and frequently candidates for office have handed them out. Rasberry further stated that instructions for completing the official ballot are mailed with *1226 the ballot, but no instructions accompany the applications.
The second witness for the state was Octavia McMorris. She is a Canton resident who was age 72 at trial and a registered voter. Her testimony was confusing at points. The court during the trial gave the state some leeway in the use of leading questions on direct because "of the fact that this is an elderly lady who does have some difficulty in her testimony."
She testified she voted by absentee ballot in the 1983 general election because she could not get to the polls. She identified State's Exhibit # 2, the application for an absentee ballot, as the paper the defendant, Ms. Van Buren, brought to her home. This was admitted into evidence and made part of the record. It has a blank for the name of the voter at top, and blanks at the bottom for the voter's signature, the signature of a notary public and for the voter's address and date of the election for which the ballot is to be used. All of these blanks are filled in. The name of Mildred Branch appears in the blank for the notary public. The application is dated October 4, 1983. Ms. McMorris testified that when she signed the application, there was no other writing on it. Mildred Branch's name was not on the application when she signed it. She gave the following responses to questions from the prosecution concerning who was present when she signed the application:
Q. Is there any doubt in your mind that this is the application for absent ballot that you filled out last year you say in front of Apprilla Van Buren?
BY MR. CONNER: Your Honor, we would object. This is not only leading but the witness never testified that she signed it in front of Apprilla Van Buren.
BY THE COURT: Sustained.
Q. Who was there when you signed this paper?
A. My daughter was there, but she wasn't in the room.
Q. Who was in the room when you signed the paper?
A. My daughter-in-law back there in the back.
Q. Who else was there?
A. That's all. Us three.
Q. When are you saying that this woman right here brought the paper to you?
BY MR. CONNER: Objection, Your Honor.
A. I didn't know no date, month or nothing.
BY THE COURT: Overruled.
Q. My question is just tell us that Mrs. Van Buren had to do with the paper? Was she there when you signed it or was she coming later to pick it up or what? Just tell us. Put it in your own words. Maybe I am asking in too big a words or something.
A. Well, she bring the absentee ballot to be signed, you know. I didn't go to the polls. I signed that one.
Q. Who was there when you signed it? Was she there? That is what I am getting at.
A. Yeah. She was there. She brought it by.
Ms. McMorris testified that after she signed the application a ballot came in the mail. She did not vote the ballot, she merely signed the back of the ballot envelope. The ballot was picked up by the defendant Ms. Van Buren; Ms. McMorris did not mail it herself. Defense counsel objected that evidence of picking up an absentee ballot pertained to an additional crime with which the defendant had not been charged, and therefore should not be admitted. This objection was overruled.
The state introduced Exhibit # 3, the ballot envelope. Ms. McMorris testified that the envelope had no other writing on it when she signed in the space provided for the voter's signature. The name of Mildred Branch appears on the envelope as both the notary and the attesting witness. Again defense counsel objected to admitting the ballot because it was evidence of another crime. The trial court overruled the objection stating "I don't think we can separate it out." Ms. McMorris was allowed to testify that she didn't know who *1227 voted the ballot since she didn't mark any names. But she stated "I reckon the one that picked it up did it. I didn't." However, the ballot was never opened before or at trial.
At defense counsel's urging, the trial court informed Ms. McMorris of her right not to incriminate herself. On cross-examination, defense counsel asked Ms. McMorris if Van Buren had helped her fill out the ballot. Ms. McMorris said no, that in fact the envelope was sealed when she received it in the mail. Ms. McMorris testified that Mildred Branch had helped her complete absentee ballots in previous elections but she had not seen Mildred Branch since 1982.
Ms. Van Buren's defense was predicated on the theory, that she was indicted and tried as an assessory to voter fraud. This brings us to Ms. Van Buren's argument under her second and fourth assignments of errors, which we address together.

LAW

II.

SHOULD A CRIMINAL DEFENDANT INDICTED FOR AIDING AND ABETTING ANOTHER BE CONVICTED WHERE THERE IS NO PROOF OF CRIMINAL BEHAVIOR ON THE PART OF THE PRINCIPAL NAMED IN THE INDICTMENT?

IV.

DID THE TRIAL COURT ERR IN REFUSING DEFENDANT'S INSTRUCTION D-3 SETTING FORTH THE BURDEN OF PROOF AS TO THE GUILT OF THE PRINCIPAL?
Van Buren seeks to infuse the requirements of the felony accessory statute, Miss. Code Ann. § 97-1-3 (1972), into the vote fraud provision of § 23-9-703. Section 97-1-3 provides the law concerning accessories to felonies before the fact. It provides:
Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal have been previously convicted or not.
Ms. Van Buren's argument appears two-fold: 1) she was not indicted as a principal as the statute requires, and 2) the state's proof failed to meet the burden placed upon it by the statute. To take the second argument first, in interpreting this accessory statute, this Court has maintained that the state may not assume a crime has been committed. The state must prove:
[B]eyond a reasonable doubt and to the exclusion of every other reasonable hypothesis that the crime charged was committed by another, and to further prove beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis that the accused was present, consenting, aiding and abetting such person in the commission of the crime charged. Consequently, on retrial the jury should be so instructed. Smith v. State, 237 Miss. 498, 115 So.2d 318 (1959), and Wages v. State, 210 Miss. 187, 49 So.2d 246 (1950).
Ray v. State, 330 So.2d 580, 587 (Miss. 1976). See also Jackson v. State, 377 So.2d 1060, 1063 (Miss. 1980), reh'g denied; Gilmer v. State, 271 So.2d 738, 740-41 (Miss. 1973). The trial court's refusal of such an instruction is the basis of Ms. Van Buren's fourth assigned error.
Ms. Van Buren's theory is that vote fraud, if committed, was committed by Mildred Branch, not Octavia McMorris. Ms. McMorris was at most a witness or a victim, we are told, and since Ms. Van Buren was not charged with aiding or abetting Mildred Branch, she cannot be convicted of aiding or abetting vote fraud. We are unpersuaded.
Ms. Van Buren's argument to the contrary notwithstanding, we think Miss. Code Ann. § 23-9-703 (Supp. 1985) did not incorporate our felony accessory law. Instead, the statute creates a separate offense. The indictment tracks the pertinent language of the statute:

*1228 Any person who willfully, unlawfully and feloniously procures, seeks to procure, or seeks to influence the vote of any person voting by absentee ballot, ... or any person who aids, abets, assists, encourages, helps, or causes any person voting on absentee ballot to violate any provision of law pertaining to absentee voting ... shall be guilty of the crime of "vote fraud" and upon conviction shall be sentenced....
Ms. Van Buren was not indicted for aiding and abetting the crime of "vote fraud." Rather, she was indicted for "vote fraud" for aiding, abetting or otherwise assisting or causing Ms. McMorris "to violate any provision of law pertaining to absentee voting." Here the provision violated is Miss. Code Ann. § 23-9-605(2) (Supp. 1985). That provision states in part:
Any elector desiring an absentee ballot as provided in this article may secure same if:
* * * * * *
(2) Within thirty days next prior to any election, any elector who cannot comply with subsection (1) of this section by reason of temporarily residing outside the county or by reason of being physically incapacitated, may make application for an absentee ballot by mailing the appropriate application to the registrar. Only persons temporarily residing out of the county of their residence or physically incapacitated persons may obtain absentee ballots by mail, under the provisions of this subsection. Such application shall be sworn to and subscribed before an official who is authorized to administer oaths or other official authorized to witness absentee balloting as provided in this chapter, said application to be accompanied by such verifying affidavits as is required by this article. ... (emphasis added)
A finding that Ms. Van Buren, with the requisite intent, aided, abetted, assisted, encouraged, helped or caused Octavia McMorris to violate this provision is a finding of guilt of the crime of "vote fraud." Therefore, Ms. Van Buren was indicted as a principal.
As should be clear, the state under these circumstances need not prove that Octavia McMorris committed a crime, only that she violated the absentee ballot procedure mandated in § 23-9-605(2).
We think the plain intent of the statute was to penalize both those who act as accessories to principal violators and those who act as principals by manipulating innocent voters.

I.

WAS THE VERDICT CONTRARY TO THE WEIGHT OF THE EVIDENCE NECESSITATING A NEW TRIAL?
Under this assignment of error, Van Buren cites inconsistencies between Octavia McMorris' testimony at the first trial and her testimony at the second trial. In addition, Van Buren notes that during the first trial Ms. McMorris testified she had a bad memory and complained about her forgetfulness. Van Buren argues "[O]bviously, the lady has no clear recollection of how the application was prepared." In the interest of justice a new trial is warranted, Ms. Van Buren argues.
The question of whether the verdict was against the weight of the evidence is one that is often posed. Recently in Gray v. State, 487 So.2d 1304, 1311 (Miss. 1986), this Court stated:
This is, in essence, an allegation that the trial judge was in error in overruling the motion of Nations for a new trial. The standard for determining this issue is as follows:
While the request for a peremptory instruction or the subsequent motion for judgment of acquittal notwithstanding the verdict presents to the trial court a pure question of law, the motion for a new trial is addressed to the trial judge's sound discretion... . The motion invokes Rule 5.16 of the Uniform Criminal Rules of Circuit Court Practice which authorizes the trial judge to grant a new trial if required in the interest of justice or if *1229 the verdict is contrary to law or the weight of the evidence. Under our established case law, however, the trial judge should set aside a jury's verdict only when, in the exercise of his sound discretion, he is convinced that the verdict is contrary to the substantial weight of the evidence... .
(Citing Gavin v. State, 473 So.2d 952, 956 (Miss. 1985)).
In reviewing this claim we must accept as true the evidence favorable to the state. Malone v. State, 486 So.2d 360, 366 (Miss. 1986).
In this light, we cannot say that the trial court abused its discretion. There is ample evidence to support the verdict. Octavia McMorris' testimony concerning the preparation of the ballot application was certainly not a model of clarity or consistency, but we do not think it is inherently unreliable. The jury had an opportunity to see and hear the difficulty Ms. McMorris had in providing testimony. The jury was the judge of her credibility. McCullum v. State, 487 So.2d 1335, 1339 (Miss. 1986); Williams v. State, 463 So.2d 1064, 1069 (Miss. 1985); Groseclose v. State, 440 So.2d 297, 300 (Miss. 1983).

III.

DID THE TRIAL COURT ERR IN FAILING TO GRANT DEFENDANT'S INSTRUCTION D-2, THAT TESTIMONY OF AN ACCOMPLICE SHOULD BE VIEWED WITH GREAT CAUTION?
Ms. Van Buren also assigns as error the refusal of the trial court to instruct the jury that Octavia McMorris was an accomplice whose testimony should be viewed with suspicion.
This Court recently restated that:
The granting of a cautionary instruction regarding the testimony of an accomplice is discretionary with the trial judge. Hussey v. State, 473 So.2d 478 (Miss. 1985); Davis v. State, 472 So.2d 428 (Miss. 1985); Jones v. State, 381 So.2d 983 (Miss. 1980), cert. denied, 449 U.S. 1003, 101 S.Ct. 543, 66 L.Ed.2d 300 (1980); Fleming v. State, 319 So.2d 223 (Miss. 1975); However, that discretion is not absolute; it may be abused. Hussey, 473 So.2d at 480.
Holmes v. State, 481 So.2d 319, 322 (Miss. 1985). This Court noted two aspects to the determination of whether discretion has been abused: (1) was the witness in fact an accomplice, and (2) was his testimony without corroboration. Id. The Court stated that where the evidence against the accused is non-existent except for testimony of an accomplice, "the trial judge must accede to the accused's request and grant a cautionary instruction." 481 So.2d at 323.
There is no question that Octavia McMorris provided the only important testimony and that her testimony was largely without corroboration. The only question is whether Ms. McMorris was an accomplice. Ms. McMorris was not charged in connection with this incident. We think the evidence is clear that she was in fact an innocent voter manipulated into violating an election law. The trial court did not abuse its discretion in denying Ms. Van Buren's requested instruction.
Finding that the assigned errors do not merit reversal, Apprilla Van Buren's conviction and sentence for vote fraud is hereby affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.