¶ 37. The majority reverses the Court of Appeals affirmance of guilt of murder by Williams of Jessie Cutley as Cutley merely walked home alone on a public street in Jackson. The majority holds that the trial court erred in that there was no instruction adequately explaining the required elements of deliberation or premeditation to guide the jury in differentiating between murder and manslaughter. The majority also faults the trial court for failure to give a cautionary instruction regarding accomplice testimony. I disagree and am compelled to dissent.
¶ 38. This Court has stated that it is unnecessary and unwise to define malice in a jury instruction. Nicolaou v. State,534 So.2d 168, 174 (Miss. 1988). It is not error to refuse an instruction defining "malice and deliberate design." Catchings v. State,684 So.2d 591, 599 (Miss. 1996) (citing Collins v. State, 534 So.2d 29, 35 (Miss. 1992)). Though the precise definition of deliberate design was not given, our Court will not reverse when the jury has been properly instructed by the granting of other instructions. Catchings, 684 So.2d at 599. Regardless, there is nothing confusing or in conflict about instructions S-1 and S-4. Instruction S-1 defined murder as "the killing of a human being, not in necessary self-defense, and without authority of law, by any means or any manner, when done with the deliberate design to effect the death of the person killed." Murder requires that the homicide have been committed with malice aforethought and after deliberation. Hammock v. State , *Page 1190 379 So.2d 323, 328 (Miss. 1980). This Court has consistently held that malice aforethought, premeditated design, and deliberate design all mean the same thing. Johnson v. State, 475 So.2d 1136, 1139 (Miss. 1985);Fairman v. State, 513 So.2d 910, 913 (Miss. 1987). Deliberate design is synonymous with malice aforethought and synonymous phrases may be used in properly instructing the jury. Lancaster v.State, 472 So.2d 363, 367 (Miss. 1985). The Johnson Court also held that synonymous phrases or interchangeable words may be used in a jury instruction and the jury still be properly instructed.Id . at 1140.
¶ 39. Instruction S-4, in defining manslaughter, instructed the jury that it was "the killing of a human being in the heat of passion, without malice, in a cruel or unusual manner, without authority of law, and not in necessary self-defense." The words deliberate design and malice are synonymous, thus Instruction S-1 was proper. Considering both instructions, the jury was properly instructed as to the two separate crimes. Failure to give a particular instruction is reversible only if the instruction was substantially correct, the refused instruction was not substantially covered by other instructions given, and concerned an important point at trial so that failure to give the instruction seriously impaired upon the defendants' ability to present a given defense. United States v. Andrews, 22 F.3d 1328, 1345 (5th Cir. 1994). §
¶ 40. Both Instructions, S-1 and S-4, tracked the language of Mississippi Code Ann. 97-3-19 § and 97-3-35. Jurors were instructed not to single out one instruction as stating the law but rather they should read all instructions and consider them together in arriving at their verdict. Considering these instructions as a whole, there is nothing conflicting nor confusing.
¶ 41. The majority's reliance upon Edwards, Holmes and Hussey is misplaced. In Edwards v. State, 630 So.2d 343 (Miss. 1994), Edwards was found guilty of the sale of cocaine. An agent gave Teresa Stevenson twenty dollars with which Stevenson and a confidential informant, Donna Taylor, purchased crack cocaine from Edwards. Stevenson was subsequently indicted, along with Edwards. Stevenson plea bargained for four years and her testimony against Edwards. Edwards argued that under the authority of Derden v.State, 522 So.2d 752, 754 (Miss. 1988), two factors must be considered in the granting of a cautionary instruction: (1) was the witness in fact an accomplice, and (2) was his testimony without corroboration. Edwards asserted that a cautionary instruction regarding an accomplice's credibility should not be dependent solely upon the corroboration of a confidential informant. The thrust of the argument of Edwards was based uponWilliams v. State, 463 So.2d 1064 (Miss. 1985), and the potential for miscarriage of justice where the prosecution develops its cases through the testimony of a confidential informant compensated on a contingency fee basis.
¶ 42. In Williams, the Court held that if the full facts and circumstances of the State's pay arrangement with the informant were disclosed to the jury, and there was adequate opportunity to cross-examine the informant, a subsequent conviction would not be disturbed.
¶ 43. In Edwards, the full facts and circumstances of the pay arrangement with the confidential informant were not revealed to the jury. The Court held that without Taylor, the informant, the State was left with nothing but the testimony of Stevenson, an accomplice. The granting of the cautionary instruction was mandatory and failure to do so was an abuse of discretion.
¶ 44. In Holmes v. State, 481 So.2d 319 (Miss. 1985), except for the testimony of the accomplice, the evidence against Harvey Holmes was nonexistent. This Court held that when faced with such a situation, the trial judge must accede to the accused's request and grant a cautionary instruction.
¶ 45. In Hussey v. State, 473 So.2d 478 (Miss. 1985), the prosecution was based entirely on the testimony of the accomplice.
¶ 46. More recently, in Brewer v. State, No. 95-DP-00915-SCT (Miss. July 23, 1998), in determining whether a defendant was entitled to a cautionary instruction on accomplice testimony, this Court stated that an accomplice is a person who is implicated in the *Page 1191 
commission of a crime. Here, Arnotia Baker was not implicated in the commission of the crime. She was not charged or indicted, thus she cannot be considered an accomplice. Therefore, no cautionary instruction is warranted.
¶ 47. In considering the issue of accomplice testimony, the general rule is that "Where the State's evidence rests solely upon the testimony of an accomplice witness, this Court has held that the trial court errs in failing to give a cautionary instruction."Brown v. State, 682 So.2d 340, 345 (Miss. 1996) (citing Holmesv. State, 481 So.2d 319, 322-23 (Miss. 1985); Hussey v. State,473 So.2d 478, 480 (Miss. 1985)). In the case sub judice, the State's evidence did not rest solely upon accomplice testimony.
¶ 48. In considering the majority's view that the trial court erred in failing to give an accomplice instruction to the jury, there exists one major fact in the case sub judice which supports the trial judge's discretion in refusing that instruction: Arnotia Baker was not implicated in the incident and was not an accomplice, but rather was an eyewitness to Cutley's death. Baker testified that she observed Williams and others, who were accomplices, kicking and hitting Cutley. Baker's testimony corroborated the testimony of others who in fact were accomplices. Catrina Smith and Jeffrey Myers' testimony was consistent with Baker's testimony. Their testimony was also reasonable. There was more than sufficient testimony that Williams joined in the kicking and beating of Cutley as he lay helpless on the ground after being knocked down by a single blow from one of the other accomplices. Baker's testimony removes the case from those requiring a cautionary accomplice instruction. See Ferrill v. State,643 So.2d 501, 506-07 (Miss. 1994). Additionally, the testimony of Jackson police officers also offered corroborating evidence sufficient to show that Williams participated in the kicking and beating of Cutley as he lay helpless on the ground. This uncalled for and unnecessary mob violence upon Cutley caused subdural hematomas and congestive heart failure, which according to the coroner's report and Dr. Galvez, caused Cutley to choke on his own blood and ultimately caused his death. Cutley was not killed by accident, or misfortune and not by one acting in self-defense, but rather his cruel and unusual death was caused by Williams and others who willingly participated in effectuating Cutley's death.
¶ 49. In the case sub judice, two accomplices did testify as well as Baker, an eye-witness who was not implicated, indicted as a co-defendant, nor can she be claimed to be an accomplice.
¶ 50. I would affirm the unanimous Court of Appeals decision authored by the learned Judge King who found no error by the trial court.
¶ 51. I respectfully dissent.
PITTMAN, P.J., ROBERTS AND MILLS, JJ., JOIN THIS OPINION.